APPEAL,CLOSED,TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:23–cv–00618–APM
### *Internal Use Only*

MARTIN v. FEDERAL BUREAU OF INVESTIGATION et al
Assigned to: Judge Amit P. Mehta
Cause: 05:702 Administrative Procedure Act

Date Filed: 03/07/2023
Date Terminated: 04/08/2024
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**LINDA MARTIN**                   represented by   **Keith Neely**
INSTITUTE FOR JUSTICE
901 North Glebe Road
Suite 900
Arlington, VA 22203
703–682–9320
Email: kneely@ij.org
*ATTORNEY TO BE NOTICED*

**Robert Peller Frommer**
INSTITUTE FOR JUSTICE
901 North Glebe Road
Suite 900
Arlington, VA 22203
703–682–9320
Email: rfrommer@ij.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert M. Belden**
INSTITUTE FOR JUSTICE
901 N. Glebe Road
Floor 9
Arlington, VA 22203
703–682–9320
Email: rbelden@ij.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FEDERAL BUREAU OF
INVESTIGATION**                   represented by   **Christian Daniel**
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street
Room 12304

1

Washington, DC 20530
678−602−1116
Email: christian.s.daniel@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart Justin Robinson**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave
Suite 7−5395
San Francisco, CA 94102
(415) 436−6635
Fax: (415) 436−6632
Email: stuart.j.robinson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **CHRISTOPHER WRAY**<br>*in his official capacity as Director of the*<br>*Federal Bureau of Investigation* | represented by **Christian Daniel**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stuart Justin Robinson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2023 | 1 | COMPLAINT *Plaintiff's Class−Action Complaint for Declaratory and Injunctive Relief* against FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY ( Filing fee $ 402 receipt number ADCDC−9907434) filed by LINDA MARTIN. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A − Lindas Notice, # 3 Exhibit B − The FBIs July 6, 2022, Letter, # 4 Exhibit C − The FBIs January 12, 2023, Email)(Belden, Robert) (Entered: 03/07/2023) |
| 03/07/2023 | 2 | REQUEST FOR SUMMONS TO ISSUE by LINDA MARTIN filed by LINDA MARTIN. (Attachments: # 1 Summons − FBI via U.S. Attorney General, # 2 Summons − FBI via U.S. Attorney's Office, # 3 Summons − Christopher Wray at FBI HQ, # 4 Summons − Christopher Wray via U.S. Attorney General, # 5 Summons − Christopher Wray via U.S. Attorney's Office)(Belden, Robert) (Entered: 03/07/2023) |
| 03/07/2023 | 3 | NOTICE of Appearance by Robert M. Belden on behalf of LINDA MARTIN (Belden, Robert) (Entered: 03/07/2023) |
| 03/07/2023 | 4 | NOTICE of Appearance by Keith Neely on behalf of LINDA MARTIN (Neely, Keith) (Entered: 03/07/2023) |
| 03/07/2023 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Robert P. Frommer, Filing fee $ 100, receipt number ADCDC−9908278. Fee Status: Fee Paid. by LINDA |

| | | |
|---|---|---|
| | | MARTIN. (Attachments: # 1 Declaration of Robert P. Frommer, # 2 Certificate of Good Standing, # 3 Proposed Order)(Neely, Keith) (Entered: 03/07/2023) |
| 03/08/2023 | | Case Assigned to Judge Amit P. Mehta. (zsl) (Entered: 03/08/2023) |
| 03/08/2023 | 6 | SUMMONS (4) Issued Electronically as to FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zsl) (Entered: 03/08/2023) |
| 03/21/2023 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FEDERAL BUREAU OF INVESTIGATION served on 3/20/2023 (Belden, Robert) (Entered: 03/21/2023) |
| 03/21/2023 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CHRISTOPHER WRAY served on 3/20/2023 (Belden, Robert) (Entered: 03/21/2023) |
| 03/21/2023 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 03/20/2023. (Belden, Robert) (Entered: 03/21/2023) |
| 03/21/2023 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/20/2023. Answer due for ALL FEDERAL DEFENDANTS by 5/19/2023. (Belden, Robert) (Entered: 03/21/2023) |
| 04/26/2023 | 11 | MOTION to Certify Class by LINDA MARTIN. (Attachments: # 1 Declaration of Linda Martin in Support of Motion for Class Certification, # 2 Declaration of Harrison Weeks in Support of Motion for Class Certification, # 3 Declaration of Robert Belden in Support of Motion for Class Certification, # 4 Index to Belden Declaration Exhibits, # 5 Belden Decl. Exhibit A – Class Period Notices, # 6 Belden Decl. Exhibit B – Pre–Class Period Notices, # 7 Belden Decl. Exhibit C – Compilation of FBI Declarations, # 8 Belden Decl. Exhibit D – Forfeiture.gov Published notices, # 9 Text of Proposed Order)(Belden, Robert) (Entered: 04/26/2023) |
| 04/27/2023 | | MINUTE ORDER granting 5 Motion for Leave to Appear Pro Hac Vice. Attorney Robert P. Frommer is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 04/27/2023. (lcapm1) (Entered: 04/27/2023) |
| 05/01/2023 | 12 | NOTICE of Appearance by Robert Peller Frommer on behalf of LINDA MARTIN (Frommer, Robert) (Entered: 05/01/2023) |
| 05/04/2023 | 13 | NOTICE of Appearance by Christian Daniel on behalf of All Defendants (Daniel, Christian) (Entered: 05/04/2023) |
| 05/05/2023 | 14 | Consent MOTION for Extension of Time to File Answer , Consent MOTION for Extension of Time to File Response/Reply *to Motion for Class Certification* by FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY. (Daniel, Christian) (Entered: 05/05/2023) |
| 05/08/2023 | | MINUTE ORDER granting 14 Motion for Extension of Time to Answer. Defendants shall answer or otherwise plead to the Complaint on or before June 9, 2023 and Defendants shall file their response to Plaintiff's Motion for Class Certification on or before June 16, 2023. Signed by Judge Amit P. Mehta on 05/08/2023. (lcapm1) (Entered: 05/08/2023) |

| 06/08/2023 | 15 | MOTION to Dismiss by FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Jessie T. Murray, # 3 Text of Proposed Order)(Daniel, Christian) (Entered: 06/08/2023) |
|---|---|---|
| 06/16/2023 | 16 | NOTICE of Appearance by Stuart Justin Robinson on behalf of FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY (Robinson, Stuart) (Entered: 06/16/2023) |
| 06/16/2023 | 17 | RESPONSE re 11 MOTION to Certify Class filed by FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY. (Robinson, Stuart) (Entered: 06/16/2023) |
| 06/22/2023 | 18 | Memorandum in opposition to re 15 Motion to Dismiss filed by LINDA MARTIN. (Attachments: # 1 Text of Proposed Order)(Belden, Robert) (Entered: 06/22/2023) |
| 06/22/2023 | 19 | REPLY to opposition to motion re 11 MOTION to Certify Class filed by LINDA MARTIN. (Belden, Robert) (Entered: 06/22/2023) |
| 06/29/2023 | 20 | REPLY to opposition to motion re 15 MOTION to Dismiss filed by FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY. (Daniel, Christian) (Entered: 06/29/2023) |
| 07/26/2023 | 21 | NOTICE *OF PAYMENT* by FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY re 15 Motion to Dismiss (Attachments: # 1 Declaration of Martha Newton, # 2 Declaration of Toni M. Mussorici)(Daniel, Christian) (Entered: 07/26/2023) |
| 02/09/2024 | 22 | NOTICE OF SUPPLEMENTAL AUTHORITY by LINDA MARTIN (Belden, Robert) (Entered: 02/09/2024) |
| 02/16/2024 | 23 | RESPONSE re 22 NOTICE OF SUPPLEMENTAL AUTHORITY filed by FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY. (Daniel, Christian) (Entered: 02/16/2024) |
| 04/05/2024 | 24 | MEMORANDUM OPINION re: 15 Defendants' Motion to Dismiss and 11 Plaintiff's Motion for Class Certification. Please see the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 04/05/2024. (lcapm3) (Entered: 04/05/2024) |
| 04/05/2024 | 25 | ORDER: For the reasons stated in the 24 Memorandum Opinion, the court grants Defendants' 15 Motion to Dismiss and denies as moot Plaintiff's 11 Motion for Class Certification. Please see the attached Order for further details. Signed by Judge Amit P. Mehta on 04/05/2024. (lcapm3) (Entered: 04/05/2024) |
| 05/28/2024 | 26 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 25 Order on Motion to Certify Class,, Order on Motion to Dismiss, 24 Order by LINDA MARTIN. Filing fee $ 605, receipt number ADCDC–10924439. Fee Status: Fee Paid. Parties have been notified. (Belden, Robert) (Entered: 05/28/2024) |

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

Plaintiff:  **Linda Martin**

vs.                                     Civil Action No. **1:23-cv-00618-APM**

Defendant:  **Federal Bureau of Investigation, et al.**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this  28th  day of ___May___  20 24 , that

Plaintiff, Linda Martin

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgment of this court entered on the   5th   day of ___April___ , 20 24  , in

favor of Defendants, Federal Bureau of Investigation, et al.

against said  Plaintiff, Linda Martin

Attorney/Pro Se Party Signature:  /s/ Robert M. Belden

Name:  Robert M. Belden

Address:  Institute for Justice

901 N. Glebe Road, Suite 800

Arlington, VA  22203

Telephone: ( 703 )  682-9320

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of May 2024, a true and correct copy of the

foregoing document was filed with the Clerk of this Court and served via the Court's

CM/ECF system upon all counsel of record.


<u>/s/Robert M. Belden</u>
Robert M. Belden
INSTITUTE FOR JUSTICE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**LINDA MARTIN,**                                   )
                                                    )
    **Plaintiff,**                )
                                                    )
      **v.**             )     **Civil No. 23-cv-00618 (APM)**
                                                    )
**FEDERAL BUREAU OF INVESTIGATION,**                )
**et al.,**                                         )
                                                    )
    **Defendants.**               )
_____ )

## <u>ORDER</u>

    For the reasons set forth in the court's Memorandum Opinion, ECF No. 24, Defendants'

Motion to Dismiss, ECF No. 15, is granted as to all claims against all Defendants. Plaintiff's

Motion for Class Certification, ECF No. 11, is denied as moot.  This action is hereby dismissed.

    This is a final, appealable order.


Dated:  April 5, 2024                    Amit P. Mehta
                                         United States District Court Judge

7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **LINDA MARTIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )         **Civil No. 23-cv-00618 (APM)** |
| | ) |
| **FEDERAL BUREAU OF INVESTIGATION,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

_____ )

**MEMORANDUM OPINION**

## I.     INTRODUCTION

Plaintiff Linda Martin brings this putative class action against the Federal Bureau of Investigation ("FBI") and its Director Christopher Ray in his official capacity, asserting a due process claim under the Fifth Amendment. Plaintiff alleges that the notice she received from the FBI initiating forfeiture proceedings for her seized property was constitutionally inadequate because it failed to include the factual and legal justifications for the seizure and forfeiture. Defendants move to dismiss, arguing that (1) Plaintiff's claims are moot, (2) she did not exhaust her administrative remedies, and (3) she fails to state a plausible claim. For the reasons that follow, the court grants Defendants' motion for failure to exhaust and failure to state a claim.

## II.     BACKGROUND

### A.     Civil Forfeiture Legal Framework

The FBI's civil forfeiture authority is governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, and corresponding Department of Justice regulations, 28 C.F.R. §§ 8–9. After a seizure, the seizing agency must notify parties with an interest in the

seized property of its intent to forfeit the goods administratively.  18 U.S.C. § 983(a)(1); 28 C.F.R. § 8.9(b)(1) ("After seizing property subject to administrative forfeiture, the seizing agency, in addition to publishing notice, shall send personal written notice of the seizure to each interested party in a manner reasonably calculated to reach such parties.").  Once notified, an interested party has two nonexclusive options.

*First*, the party may file a "claim" with the appropriate official after the seizure.  18 U.S.C. § 983(a)(2).  Filing a claim halts the administrative forfeiture process and requires the government to either "return the property" or "file a complaint" initiating a judicial forfeiture action.  *Id.* § 983(a)(3)(A).  A claim "need not be made in any particular form," but it must "identify, under oath, the property being claimed and the claimant's interest in that property" and be filed by the deadline set forth in the notice of forfeiture.  *Id.* § 983(a)(2)(B)–(D).  If the government chooses to initiate judicial action, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."  *Id.* § 983(a)(1)(A)(ii), (c)(1).  If no valid claim is timely filed, and the agency has not otherwise returned the property, *see* 28 C.F.R. § 8.7(a)–(b), "the appropriate official of the seizing agency shall declare the property forfeited.  The declaration of forfeiture shall have the same force and effect as a final decree and order of forfeiture in a federal judicial forfeiture proceeding."  *Id.* § 8.12.

*Second*, an interested party may file "a petition for remission or mitigation."  *Id.* § 9.3.  Unlike when making a claim, a party submitting a petition does not dispute the validity of the forfeiture.  Rather, the agency will "presume a valid forfeiture" and will not consider "whether the evidence is sufficient to support the forfeiture."  *Id*. § 9.5(a)(4).  Still, the interested person can seek remission of the property.  To do so, the petitioner bears the burden of establishing that she "has a valid, good faith, and legally cognizable interest in the seized property as owner or

2

lienholder" and is an "innocent owner," as defined by CAFRA. *Id.* § 9.5(a)(1). Mitigation can be granted "[w]here a petitioner has not met the minimum conditions for remission" but the agency finds that relief should be granted to "avoid extreme hardship" and that such relief will "promote the interest of justice" and "will not diminish the deterrent effect of the law," or where the minimum conditions of remission have been met but "complete relief is not warranted." *Id.* § 9.5(b)(1)(i)–(ii). "Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the Ruling Official." *Id.* § 9.7. Put differently, "remissions are acts of grace by the agency." *Scarabin v. DEA*, 919 F.2d 337, 339 (5th Cir. 1990).

###    B.    Factual Background

In early 2020, Plaintiff Linda Martin rented a safe deposit box from U.S. Private Vaults ("USPV"), a private company that offered biometric security features and 24-hour service. *See* Compl., ECF No. 1 ¶¶ 4, 8, 12 [hereinafter Compl.]. Plaintiff stored in the box $40,200 in cash that she and her husband had saved for a down payment on a house. *Id.* ¶ 15. USPV's location in Beverly Hills, California, appealed to Plaintiff because it offered her a secure place to store her savings that was nearby, but not so close that she would be tempted to access and spend the money. *Id.* ¶¶ 10–11, 15.

In 2019, various government agencies opened an investigation into USPV and its principals, suspecting them of various crimes, including money laundering. *See Snitko v. United States*, 90 F.4th 1250, 1252 (9th Cir. 2024). On March 17, 2021, the FBI obtained a search warrant to seize USPV's facilities and instrumentalities, including its "nest" of safe deposit boxes. *Id.* at 1252. The warrant did not, however, authorize seizure of the safe deposit boxes' contents. It directed agents to follow their agencies' written inventory policies and to inspect the boxes' contents to "identify their owners in order to notify them so that they can claim their property."

3

Compl. ¶ 26; *Snitko*, 90 F.4th at 1254–55.  Days later, the FBI executed the warrant, removing and seizing more than 700 individual safe deposit boxes.  Compl. ¶¶ 32–33.  "[A]gents used [an] inventory form to document the condition of cash; ran all cash over $5,000 by drug-sniffing dogs; tagged items with forfeiture numbers; and photographed objects found in the boxes."  *Snitko*, 90 F.4th at 1257.  Though not authorized by the warrant, the FBI eventually would attempt to forfeit the contents of 400 individual safe deposit boxes.  Compl. ¶ 40.

Among those was Box #1810, which belonged to Plaintiff.  *Id*. ¶¶ 41–43.  On June 10, 2021, the FBI sent Plaintiff a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings.  *See* Ex. A to Compl., ECF No. 1-1 [hereinafter Notice].  The Notice identified the seized property as "$40.200.00 U.S. Currency from U.S. Private Vault Box #1810."  *Id*. at 2.  The Notice informed Plaintiff that she could "request a pardon of the property" by filing "a petition for remission or mitigation" with the FBI.  *Id*.  The Notice further described the requirements for a petition, directed Plaintiff to a form that she could use, and advised that she could submit evidence to "substantiate [her] petition."  *Id*.  The Notice also stated that "[t]o contest the forfeiture of this property in United States District Court you must file a claim.  If you do not file a claim, you will waive your right to contest the forfeiture of the asset."  *Id*. at 3.  The Notice explained that "[a] timely claim stops the administrative forfeiture proceeding" and "[t]he seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings."  *Id*.  The Notice also identified the deadline and process for making a claim.  *Id*.

Plaintiff elected not to file a claim and instead, on June 18, 2021, filed a petition with the FBI, in which she stated that she "did not know of the conduct giving rise to the forfeiture" and was not "aware of any activity that may have prompted the forfeiture of the property."  Compl. ¶¶ 56–58.  Thereafter, Plaintiff "inquired about the status of her Petition on multiple occasions,"

but received no response for over a year.  *Id.* ¶¶ 66–67.  Then, in a letter dated July 6, 2022, the FBI responded that it may "conduct an investigation into the merits of [Plaintiff's] petition" and directed her to "provide documentation in support of the significant amount of cash you are requesting a pardon for," such as "evidence of legitimate employment, pay stubs, W-2 forms, tax returns, etc."  Ex. B to Compl., ECF No. 1-3.  Sometime thereafter, Plaintiff submitted additional documents to the FBI.  Compl. ¶ 69.

More than five months later, on January 12, 2023, the FBI emailed Plaintiff's counsel, advising "[t]he case is still open" and "pending forfeiture."  Ex. C to Compl., ECF No. 1-4.  The FBI acknowledged the documents Plaintiff had provided "have been included in the petition matter" and that "[o]nce the property has been forfeited, the FBI Legal Forfeiture Unit in Washington, DC w[ould] make a determination as to pending petitions."  *Id.*

## C.      Procedural and Subsequent Factual History

Plaintiff filed this action on March 7, 2023.  *See* Compl.  She asserts two procedural due process claims, one on her own behalf (Count I) and the other as a representative of the putative class (Count II).  *Id.* ¶¶ 130–57.  She alleges that the "FBI's current Notice procedures create a substantial and unconstitutionally large risk of erroneous deprivation of [her and the Proposed Class's] protected interests."  *Id.* ¶¶ 134, 148.  She contends that, because the Notice she received failed to "provide her with specific legal or factual reasons" that justified the seizure or forfeiture of her property, she "could not understand the nature of the government's proceedings against her and her property and could not even begin to prepare an effective and meaningful response to defend her rights."  *Id.* ¶¶ 135–36.  Plaintiff seeks declaratory and injunctive class-wide relief, defining the putative class as a "nationwide class of individuals who have been, or will be, sent a Notice."  *Id.* at 1; *see also id.* ¶¶ 144–57 (class claim).  Specifically, she seeks reissuance of new notices and the cessation of property forfeiture until such notices are reissued or, alternatively,

return of property.  *Id*. at 29.  Soon after filing her complaint, Plaintiff moved to certify the class.
Pl.'s Mot. for Class Cert., ECF No. 11 [hereinafter Class Cert. Mot.].

A month after she filed suit, the FBI "determined that it would discontinue forfeiture
proceedings against the [seized] funds and release" them to her pursuant to 28 C.F.R. § 8.7,
provided Plaintiff could produce the key for Box #1810.  Decl. of Jessie T. Murray, Ex. 2 to Def.'s
Mot. to Dismiss, ECF No. 15-2, ¶ 10.  On May 18, 2023, the FBI completed the "key check" with
Martin's counsel, and she later completed a form required to release the funds.  *Id*. ¶¶ 11–12.

On June 8, 2023, Defendants moved to dismiss the Complaint on three grounds:
(1) mootness, (2) failure to exhaust, and (3) failure to state a claim.  *See* Defs' Mot. to Dismiss,
ECF No. 15, Mem. of Law in Supp. of Defs' Mot., ECF No. 15-1 [hereinafter Defs.' Mem].
Defendants opposed class certification for those same reasons.  Defs.' Opp'n to Class Cert. Mot.,
ECF No. 17.

Approximately a month later, on July 10, 2023, while both motions remained pending, the
government electronically transferred to Plaintiff the value of the seized funds ($40,200.00) plus
interest ($1,439.22).  Defs.' Notice of Payment, ECF No. 21 [hereinafter Notice of Payment].

## III.   MOOTNESS

The court begins, as it must, with Defendants' assertion that Plaintiff's claims are moot
because the FBI suspended the forfeiture proceedings and returned the seized property.
Defs.' Mem. 8–11; *see* Fed. R. Civ. P. 12(b)(1).

Federal courts lack jurisdiction to decide moot cases "because their constitutional authority
extends only to actual cases or controversies."  *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200.
1204 (D.C. Cir. 2013) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)).
A case becomes moot "when the issues presented are no longer live or the parties lack a legally

cognizable interest in the outcome." *Larsen v. U.S. Navy*, 525 F.3d 1, 3–4 (D.C. Cir. 2008) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  A party may lack such an interest in the outcome "when, among other things, the court can provide no effective remedy because a party has already obtained all the relief it has sought," *Jewell,* 733 F.3d at 1204 (internal quotation marks omitted), or "when intervening events make it impossible to grant the prevailing party effective relief," *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008).

Plaintiff's individual claim is now moot because the FBI has discontinued the administrative forfeiture proceedings and returned the seized funds to her.  *See* Notice of Payment. Normally, Plaintiff's class claim would be moot too, as the court has yet to certify it. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74–75 (2013) (noting that, under the general rule, when an individual claim becomes moot prior to certification, the companion class claims are moot as well).  Plaintiff argues, however, that the "inherently transitory" exception applies here, saving her class claim. Pl.'s Opp'n to Defs.' Mot., ECF No. 18 at 17–24 [hereinafter Pl.'s Opp'n].

"[W]here a named plaintiff's claim is 'inherently transitory,' and becomes moot prior to certification, a motion for certification may 'relate back' to the filing of the complaint." *Genesis Healthcare*, 569 U.S. at 71 n.2.  The D.C. Circuit has identified two essential requirements of an "inherently transitory" claim. *J.D. v. Azar*, 925 F.3d 1291, 1310 (D.C. Cir. 2019).  First, the court must consider "whether it is 'by no means certain' that an individual claim will persist long enough for it to adjudicate class certification." *Id.* (quoting *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)).  Second, "the record must sufficiently assure [] that some class members will retain a live claim throughout the proceedings." *Id.*  Plaintiff has sufficiently demonstrated, at the motion-to-dismiss stage, that the exception applies.

With respect to the first inquiry, the court "must consider whether 'mootness problems' might arise to end the claim 'before the district court can reasonably be expected to rule on a certification motion.'"  *Id.* at 1310 (quoting *Swisher v. Brady*, 438 U.S. 204, 213 n.11 (1978)). In other words, the "essence of the exception is uncertainty about whether a claim will remain alive for any given plaintiff long enough for a district court to certify the class." *Olson v. Brown*, 594 F.23d 577, 582 (7th Cir. 2010).  Courts have found the "exception particularly fitting when *defendants* create a 'significant possibility that any single named plaintiff would be [dismissed] prior to certification.'" *Jonathan R. ex rel. Dixon v. Justice*, 41 F.4th 316, 326 (4th Cir. 2022) (quoting *Olson*, 594 F.3d at 582)).

Here, Defendants have offered "no evidence to show how long civil forfeiture proceedings usually remain pending," such that the court could find that Plaintiff's experience of having her claim mooted is anomalous.  *See Sparger-Withers v. Taylor*, 628 F. Supp. 3d 821, 829 (S.D. Ind. 2022).  Plaintiff filed her complaint on March 7, 2023, *see* Compl., and filed for class certification on April 26, 2023, *see* Class Cert. Mot.  Her individual claim became moot fewer than three months later, when the FBI returned the funds plus interest on July 10, 2023.  That short timeline suggests an "inherently transitory" claim.

The court reaches the same conclusion even if it were to start the clock on June 15, 2021, the final date that Plaintiff could have filed a claim with the FBI.  Notice at 3.  Assuming she filed her due process suit soon thereafter, her individual claim would not become moot for another two years.  Although a class certification motion could be resolved within two years, the court has no evidence before it that administrative forfeitures resulting in the return of property ordinarily last, at least, that length of time.  Accordingly, on this spare record, the court cannot say that "it is 'by no means certain' that an individual claim will persist long enough for it to adjudicate class

certification." *J.D.*, 925 F.3d at 1310 (quoting *Gerstein*, 420 U.S. at 110).  Even if *some* forfeiture proceedings do span multiple years, "requiring Plaintiff[] to predict *which* [ones] will asks too much." *Jonathan R.*, 41 F.4th at 326 (emphasis in original).

With respect to the second inquiry, Plaintiff asserts that the FBI posts monthly notices that "list[] scores if not hundreds of seizures, each of which likely corresponds to at least one Notice," and the agency completed forfeitures at a rate of, at least, one per every day between March 2017 and March 2023.  Pl.'s Opp'n at 23.  At this stage, these allegations "sufficiently assure [the court] that some class members will retain a live claim throughout the proceedings." *J.D.*, 925 F.3d at 1310.

Defendants contend that a procedural due process challenge to a civil forfeiture, like Plaintiff's, can never be "inherently transitory" because aggrieved persons have the right to bring a post-forfeiture challenge under 18 U.S.C. § 983(e)(1).  Under that provision, "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." *Id.*  The parties dispute whether § 983(e)(1) reaches claims that, as here, contest only the sufficiency of notice, as opposed to absence of notice, but the court need not resolve that question.  Pl.'s Opp'n at 22–23; Defs.' Reply to Defs.' Mot., ECF No. 20 at 4–5 [hereinafter Defs.' Reply].  Defendants have not cited any class action certified under § 983(e)(1), and the court's research has not identified one.  Absent reason to believe that class-wide relief is available under § 983(1), the court rejects Defendants' assertion that § 983(1) provides an "always available avenue [of] review" for Plaintiff's class claims.  Defs.' Reply at 5.

Accordingly, the court finds that, at the pleadings stage, Plaintiff has shown the "inherently transitory" exception applies.

## IV.    EXHAUSTION

The court now turns to Defendants' second basis for dismissal: the failure to exhaust administrative remedies.  Exhaustion is a common-law doctrine providing "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41, 50–51 (1938)).  Here, Plaintiff concedes that she did not protest the sufficiency of the forfeiture notice with the FBI before filing suit.  Nevertheless, she contends that her claims are not barred because she was not required to exhaust administrative remedies. Pl.'s Opp'n at 24–28.  The court disagrees.

### A.    D.C. Circuit Precedent Requires Exhaustion

D.C. Circuit caselaw requires exhaustion in civil forfeiture proceedings.  In *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, the Drug Enforcement Agency ("DEA") seized four separate stores of chemicals from the plaintiff, each of which was worth less than $500,000—the maximum amount the agency could administratively forfeit under federal law.  552 F.3d 885, 887–89 (D.C. Cir. 2009).  The DEA sent the plaintiff four notices, which indicated the "procedures and deadlines for filing a claim to contest the forfeiture in court and for filing a petition requesting remission or mitigation of the forfeiture."  *Id*. at 890.  The notices further informed the plaintiff that "failure to file a claim contesting the forfeiture" would terminate his interest in the asset and "may preclude. . . contesting the forfeiture of the asset in any judicial proceeding."  *Id*.  The plaintiff chose not to file a claim, and instead opted to pursue petitions for remission.  *Id*. at 888, 890.  After the DEA denied its petitions, the plaintiff filed suit, contending that the DEA was required to pursue judicial, rather than administrative, forfeiture proceedings "because the four seizures—the aggregated value

of which exceeded $500,000—were part of a single plan[.]" *Id.* at 888.  The plaintiff had not raised this argument before the DEA.  *Id.* at 889.

The D.C. Circuit held that the plaintiff had failed to administratively exhaust the claim.  *Id.* The court explained that the plaintiff's failure to raise the aggregation argument was "the sort of open and fact-specific question that agency expertise is best suited to consider in the first instance, highlighting exhaustion's 'twin purpose of protecting administrative agency authority and promoting judicial efficiency.'"  *Id.* at 891 (quoting *Ass'n of Flight Attendants-CWA v. Chao*, 493 F.3d 155, 158 (D.C. Cir. 2007)).  The court observed: "We consistently refuse to consider arguments litigants raise for the first time in court rather than before the agency, including DEA forfeiture proceedings."  *Id.*  The court approvingly cited an earlier unpublished decision, *Colon-Calderon v. DEA*, 218 F. Appx. 1, 1 (D.C. Cir. 2007), in which the court "refus[ed] to consider [a] notice argument that [a] petitioner did not raise before the DEA in his petition for remission," *Malladi*, 552 F.3d at 891.

The court also rejected the plaintiff's contention that "because this action is a collateral attack on the administrative forfeiture rather than a direct appeal from an agency decision, it may raise new arguments it did not assert before the agency."  *Id.*  It distinguished the present case from one in which "inadequate notice or illegal procedures prevented the plaintiff from being able to raise its objection before the agency."  *Id.*  Under such circumstances, the plaintiffs would have had no prior opportunity to exhaust an argument, so "courts may allow the plaintiff to raise [such an] objection for the first time in a collateral attack on the agency action."  *Id*.

Plaintiff grasps onto the "inadequate notice or illegal procedures" language in *Malladi* to distinguish it from this case, in which she alleges receipt of an inadequate notice.  Pl.'s Opp'n at 27.  But she misreads *Malladi*.  The exception described in *Malladi* applies when the forfeiture

11

notice itself prevents the plaintiff from raising an objection before the agency.  The FBI's Notice

here did no such thing.  It advised Plaintiff of the time to file a claim or a petition for remission or

mitigation, and she elected to do the latter.  Nothing in the Notice prevented Plaintiff from

challenging the sufficiency of the Notice in her petition or demanding that the FBI clarify the

grounds for the seizure and forfeiture.  She did neither.

Plaintiff now argues that "the FBI never told [her] this was her only opportunity to raise

constitutional challenges in the administrative proceedings."  Pl.'s Opp'n at 5 (citing Compl.

¶¶ 48–55, 68).  But the court is not aware of any case, and Plaintiff cites none, requiring law

enforcement agencies to provide such information in a forfeiture notice to satisfy due process.

Furthermore, her claimed inability to navigate the process is belied by the fact that Plaintiff

retained counsel in connection with the administrative proceedings by at least January 2023.  *See*

Ex. C. to Compl. (email from FBI agent to Plaintiff's counsel dated Jan 12, 2023).  Surely, counsel

should have known that failure to raise Plaintiff's due process concerns with the agency could

preclude judicial review.  *See Sarit v. DEA*, 987 F.2d 10, 15 (1st Cir. 1993) ("Rather than

uncovering exceptional circumstances compelling us to find that the government had a duty over

and above reasonable and technical satisfaction of the statutory requirements, we find that the

damage done by [any] ineffective notice could and ought to have been stemmed by plaintiffs'

counsel.").  Thus, as in *Malladi*, Plaintiff here had "adequate opportunity to make the [FBI] aware

of [her inadequate notice objection] but failed to do so, therefore [she] cannot now challenge the

[FBI's] action on that ground."  552 F.3d at 891–92.

### B.    The Constitutional Nature of Plaintiff's Claim Does Not Excuse Exhaustion

Next, Plaintiff contends that her "claims are not subject to exhaustion or waiver precisely

because they challenge the FBI's constitutionally inadequate Notices."  Pl.'s Opp'n at 28.  In other

words, she maintains, "her constitutional claims generally are not subject to administrative exhaustion." *Id.* at 24.  But the Circuit held otherwise in *Colon-Calderon*.  It made clear that the constitutional nature of a forfeiture challenge does not excuse exhaustion requirements.  It cited *Marine Mammal Conservancy, Inc. v. Department of Agriculture*, 134 F.3d 409 (D.C. Cir. 1998), as "rejecting [the] argument that constitutional issues are always excepted from exhaustion requirements and observing that '[e]xhaustion of constitutional claims may promote many of the policies underlying the exhaustion doctrine.'"  *Colon-Calderon*, 218 F. App'x at 1 (quoting 134 F.3d at 413–14).  Thus, Plaintiff is "very much mistaken in believing that there is some bright-line rule allowing litigants to bypass administrative appeals simply because one or all of their claims are constitutional in nature."  *Marine Mammal Conservancy*, 134 F.3d at 413.

Plaintiff's effort to distinguish *Colon-Calderon* also is unavailing.  There, the petitioner's "sole contention" before the court was "that the DEA should have remitted or mitigated the forfeiture of his property because the notice of forfeiture that the agency sent him did not satisfy the requirements of the Due Process Clause."  218 F. App'x at 1.  The court succinctly ruled that because "petitioner never raised this contention before the DEA . . . we will not consider it."  *Id.* Plaintiff argues that *Colon-Calderon* is distinguishable because she is not asking the court to grant relief "as an end-run around Section 983(e)."  Pl.'s Opp'n at 28.  But the D.C. Circuit's ruling was not predicated on that concern.  To the contrary, it "assum[ed]" the inadequate notice "claim can be raised directly in this court," instead of under § 983(e).  218 F. App'x at 1.

### C.     Excuse from Exhaustion Is Unwarranted

Plaintiff also asserts that she should be excused from exhaustion based on the general principles articulated by the Supreme Court in *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). Pl.'s Opp'n at 24–26.  *McCarthy* establishes that courts can excuse exhaustion requirements where

13

the litigant's "interest . . . in retaining prompt access to a federal judicial forum" outweighs the "countervailing institutional interests favoring exhaustion."  503 U.S. 140, 146 (1992).  The Court outlined three broad sets of circumstances where a litigant's interests warrant excusing exhaustion: (1) "an unreasonable or indefinite timeframe for administrative action"; (2) where there is doubt as to whether the agency can grant effective relief; or (3) if the agency is "biased or has otherwise predetermined the issue," such that pursuit of an administrative remedy would be futile.  *Id.* at 146–48.  Plaintiff claims that each of these circumstances excuse her failure to exhaust.  She is wrong.

First, Plaintiff asserts—without citing any authority—that the unreasonable or indefinite time frame of the FBI's forfeiture proceedings is evidenced by the more than two years it took for the return of her property.  Pl.'s Opp'n at 25.[1]  But unreasonable delay may excuse exhaustion only when the plaintiff "may suffer irreparable harm if unable to secure immediate judicial consideration of his claim."  *McCarthy*, 503 U.S. at 147.  Plaintiff makes no effort to show "irreparable harm" from the length of the administrative forfeiture proceedings.  Moreover, in this Circuit, exhaustion is excusable for undue delay in administrative proceeding "typically [at] three or more years."  *Simon v. Dep't of Just.*, No. 20-cv-0580 (RC), 2021 WL 1578293, at *5 (D.D.C. Apr. 22, 2021), aff'd, No. 21-5099, 2021 WL 4767941 (D.C. Cir. Sept. 15, 2021).  Plaintiff's administrative forfeiture lasted slightly more than two.

Second, Plaintiff fails to establish that "uncertainty of administrative relief" weighs against exhaustion merely because the FBI cannot grant the same remedies as a federal court.  Pl.'s Opp'n at 25 (arguing that the "FBI's regulations do not authorize it to provide declaratory or injunctive

---

[1] Plaintiff fails to appreciate the tension between her position that her claim is not moot because it is "inherently transitory" and her assertion that she is not required to exhaust because the administrative forfeiture proceedings took too long.  The court, however, need not resolve that conflict to dispose of this matter.

relief on individual or class-wide constitutional claims"). That exception applies if, for example, the agency "lacks institutional competence to resolve the particular type of issue presented," or "an agency may be competent to adjudicate the issue presented, but still lack authority to grant the type of relief requested." *McCarthy*, 503 U.S. at 147–48. Plaintiff has not explained why the FBI is "incompetent" to evaluate the sufficiency of its own notice, or it cannot grant the "type of relief" she requests. The FBI can, and did, return the seized property. It also can issue a revised forfeiture notice, or it could have given Plaintiff more information about the basis for the forfeiture, which would have cured her claimed informational injuries. Compl. ¶¶ 77–89. Plaintiff's contention that she was excused from exhaustion because the FBI could not have supplied declaratory or injunctive remedy akin to a court cannot possibly defeat the exhaustion requirement, as the exception would swallow the rule. No agency can issue judicially enforceable relief against itself. *Cf. Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 61 (1st Cir. 2002) ("Exhaustion is beneficial regardless of whether the administrative process offers the specific form of remediation sought by a particular plaintiff.").

Finally, Plaintiff has not shown futility because the FBI is "biased or has otherwise predetermined the issue before it." *McCarthy*, 503 U.S. at 148. The futility exception is "quite restricted," and is limited to situations where "resort to administrative remedies would be clearly useless." *Tesoro Ref. and Mktg. Co. v. FERC*, 552 F.3d 868, 874 (D.C. Cir. 2009) (citations omitted) (cleaned up). It is not enough for a plaintiff to show that an unfavorable agency decision was "highly likely," she must demonstrate a "certainty of an adverse decision." *Id.* (citation omitted). Here, Plaintiff points to no instance in which the FBI, or the DOJ, has rejected the due process argument that she makes about the Notice that she received. Her futility argument is itself futile.

In sum, Plaintiff's due process claim "fails because [she] did not exhaust [her] administrative remedies before filing suit." *Malladi*, 552 F.3d at 889. The court therefore dismisses this action for failure to exhaust.

## V.   FAILURE TO STATE A CLAIM

Finally, the court addresses Defendants' contention that Plaintiff has failed to state a plausible due process claim. Defs.' Mem. at 15–17; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (setting forth Rule 12(b)(6) standard). The Due Process Clause requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Applying this principle to civil forfeitures, the Supreme Court has held that an "individualized notice that [the government] ha[s] [seized] property is necessary" where the property owner "would have no other reasonable means of ascertaining who was responsible for his loss." *City of West Covina v. Perkins*, 525 U.S. 234, 241 (1999). "No similar rationale," however, requires "individualized notices . . . of remedies [that] . . . are established by published, generally available . . . statutes and case law." *Id.*

The two-page FBI Notice satisfies this standard. It provides "individualized notice" of the FBI's seizure of Plaintiff's property. In a text box titled "SEIZED PROPERTY IDENTIFYING INFORMATION," near the top of the first page, the Notice includes basic details of the seizure ("Notice Date," "Seizure Date and Location," "Notice ID Number"), identifying features of the asset ("Description of Seized Property," "Asset ID Number"), and citations to the relevant statutes and regulations that authorized the seizure ("Forfeiture Authority"). Notice at 1. The bulk of the Notice explains possible remedies, which are "established by published, generally available . . . statutes and case law," including the procedures for petitions for remission or mitigation, claims

16

contesting the forfeiture, and hardship-based requests for relief.  *See generally* Notice.  Further, the Notice advises that an interested party "may file both a claim. . . and a Petition for Remission," but clarifies that if the party "file[s] only a petition and no one else files a claim, your petition will be decided by the seizing agency."  *Id.* at 1.  It further states that failure to file "will waive [the] right to contest the forfeiture of the asset."  *Id.* at 2.  Additionally, if no other claims are filed, "[the party] may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil."  *Id*.

Plaintiff baldly asserts that *West Covina* "has no bearing on this controversy."  Pl.'s Opp'n at 14–15.  Instead, she argues that her due process claim is cognizable under two D.C. Circuit cases, which she claims stand for the proposition "that Due Process requires the government to give property owners specific reasons why it is taking their property."  *Id.* at 7, 9.  Plaintiff first points to *Gray Panthers v. Schweiker*, 652 F.2d 146 (D.C. Cir. 1980), a class action challenging the denial of Medicare benefits.  The court there held that the statutory hearing process was constitutionally inadequate in part because the notice failed to include "the specific reasons for [the] denial."  652 F.2d at 168–69.  It further found that the hearings "serve[d] no purpose" because "[w]ithout notice of the specific reasons for denial, a claimant is reduced to guessing what evidence can or should be submitted in response and driven to responding to every possible argument against denial at the risk of missing the critical one altogether."  *Id*.  But unlike in *Gray Panthers*, the initial Notice sent to Plaintiff was not "the sum total of the communication from decisionmaker to claimant *before* a final denial."  652 F.2d at 169 (emphasis added).  Instead, Plaintiff had the "opportunity to flesh out the notice" by filing a claim or, even by filing a petition and requesting more information from the FBI as part of that process, which she never attempted to do.  *Id.*  Thus,

even if the Notice here were inadequate, unlike in *Gray Panthers*, any shortcoming was "offset by a compensating procedure elsewhere in the process." *Id.*

Plaintiff also relies on *Ralls Corp. v. Committee on Foreign Investment in the United States*, 758 F.3d 296 (D.C. Cir. 2014), in which the plaintiff challenged an order from the defendant Committee and the President directing the plaintiff to divest its property on national security grounds. The plaintiff there was given "the opportunity to submit evidence in its favor in its notice filing," but the D.C. Circuit nevertheless concluded that the government's notice was adequate because the plaintiff had no "opportunity to tailor its submission to [the Committee and the President's] concerns or rebut the factual premises underlying" them. *Id.* at 307, 319–20. That same concern is not present here, however, because the civil forfeiture regime provided Plaintiff with an avenue to force the government to identify the basis for, and bear the burden of defending, the seizure. She could have filed a claim, which would have terminated the administrative process and forced the government into court, if it wished to pursue forfeiture. In court, the government would have to plead and, ultimately prove, the "factual and legal basis for the forfeiture." *United States v. $56,471,329.88 in Proceeds From the Sale of a Bond Belonging to Airbus SE*, 466 F. Supp. 3d 63, 68 (D.D.C. 2020). Thus, the process here offered Plaintiff all of the procedural protections required in *Ralls* and more, if she only had contested the forfeiture by filing a claim. By opting not to file one, Plaintiff followed an administrative process in which she "waive[d] [her] right to contest the forfeiture of the asset," Notice at 2, and her ability to obtain relief from the forfeiture rested on the agency's grace.

## VI.    CONCLUSION

Accordingly, for the foregoing reasons, the court grants Defendants' Motion to Dismiss, ECF No. 15, and denies Plaintiff's Motion for Class Certification, ECF No. 11, as moot.  A final, appealable order accompanies this opinion.

Dated:  April 5, 2024

Amit P. Mehta
United States District Judge