

INSTITUTE FOR JUSTICE

March 4, 2025

**Via Electronic Filing**
Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, D.C. 20001

    Re:   *Martin v. FBI, et al.,* No. 24-5144

Dear Mr. Cislak,

I write to advise the panel of a Tenth Circuit decision that recently came to our attention and may inform the Court's handling of this appeal. *Medina v. Allen,* No. 23-4057, 2024 WL 1006791 (10th Cir. Mar. 8, 2024).

In *Medina,* as here, the district court determined the named plaintiffs' individual claims were no longer justiciable but that a live controversy persisted as to the putative class's. And there, as here, the district court then dismissed the case under Rule 12(b)(6) without first certifying the class. On appeal, the Tenth Circuit concluded that the district court lacked jurisdiction to rule on the merits before certifying the class. The court thus "vacate[d] the district court's merits rulings for lack of jurisdiction" and "remand[ed] for the district court to consider class certification." *Id.*; *see also Milanes v. Napolitano,* 354 F. App'x 573, 575 (2d Cir. 2009) (similar).[1]

This case presents a similar order-of-operations issue. And to the extent the Court shares the Tenth Circuit's jurisdictional concerns, it would be within the Court's discretion to vacate the judgment below and remand for the district court to properly sequence its orders: rule on appellant's

---

[1] The panel in *Medina* indicated that the class-certification motion somehow remained pending in the district court during appeal but, given the appealable final judgment, that characterization appears to have been incorrect. *Hall v. Hall,* 584 U.S. 59, 64 (2018).

Clifton Cislak, Clerk of Court
March 4, 2025
Page 2 of 2

class-certification motion and then, if that motion is granted, decide the government's 12(b)(6) motion. In the alternative, the Court could resolve the appeal as currently presented in the briefing: address the one stated basis for the district court's denial of class certification—its view of the merits—correct its legal errors, and remand for it to reevaluate appellant's class-certification motion. Reply Br. 9. Courts have regularly taken this course, likely because the class-certification denials they have jurisdiction to consider are premised on the lower courts' view of the merits. *E.g.*, *Salazar v. King*, 822 F.3d 61, 84 (2d Cir. 2016); *see also* Gov't Letter, *Salazar v. Duncan*, No. 15-832, 2-3 (2d Cir. Oct. 30, 2015).

Respectfully submitted,

/s/ Robert Frommer
Robert Frommer

*Counsel for Appellant*

cc: Joshua Koppel, Brian Boynton, Charles Scarborough (via ECF)